UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cheryl Willingham, ) | Civil Action No.: 4:14-cv-01533-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Cheryl Willingham seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for disability insurance benefits. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court *either* (a) reverse the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g)[1] and remand the case to the Commissioner for further administrative action; *or* (b) remand the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).[2]  R & R at 10-15.

---

[1]     Sentence four of 42 U.S.C. § 405(g) provides, "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or *reversing* the decision of the Commissioner of Social Security, *with or without remanding* the cause for a rehearing." (emphasis added).

[2]     Sentence six of 42 U.S.C. § 405(g) provides:

> The [district] court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, *remand* the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R.[3] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record in this case, the Court finds no clear error, and therefore adopts and incorporates by reference the R & R [ECF No. 13] of the Magistrate Judge. Regarding the appropriate mandate, the Court agrees with the Magistrate Judge's recommendation to reverse and remand the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) (instead of remanding pursuant to sentence six). *See* R & R at 10-15.

---

findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

(emphasis added).

[3]   The Commissioner filed a notice stating she would not file objections to the R & R. *See* ECF No. 15.

The Court therefore **ORDERS** that the Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and that the case is **REMANDED** to the Commissioner for further administrative action.  On remand, the Commissioner shall consider the combined cumulative effect of Plaintiff's impairments and any resulting limitations, and whether those combined limitations rendered Plaintiff disabled.  *See* R & R at 10.  Also on remand, Plaintiff may supplement the record with the medical evaluation from Dr. Robert A. Ringel, M.D.[4]  *See* ECF No. 8-1.

**IT IS SO ORDERED.**

Florence, South Carolina                                       s/ R. Bryan Harwell
August 3, 2015                                                       R. Bryan Harwell
                                                                              United States District Judge

---

[4] As the Magistrate Judge found, Dr. Ringel's evaluation is new evidence that is relevant and material, and it may affect any subsequent decision entered by the Commissioner on remand.  *See* R & R at 12-14.  Sentence four of 42 U.S.C. § 405(g) does not limit Plaintiff's ability to supplement the record on remand.  *See Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001) ("Unlike sentence six, sentence four does not contain any statutory limits on the ability to supplement the record on remand." (citing 42 U.S.C. § 405(g)); *Perrotta ex rel. S.J.P. v. Astrue*, No. 2:10CV627, 2012 WL 503042, at *5-10, 7 n.12 (E.D. Va. Jan. 18, 2012), *adopted by* 2012 WL 529923 (E.D. Va. Feb. 17, 2012) (quoting *Seavey* in a scenario where the plaintiff proffered additional evidence that was not part of the administrative record, but where the court vacated and remanded the Commissioner's decision on a separate issue; and noting that under *Seavey*, the plaintiff's additional evidence "may be relevant and admissible with respect to any subsequent ALJ decision entered on remand"); *see generally Sullivan v. Hudson*, 490 U.S. 877, 885 (1989) ("Where a court finds that the [Commissioner] has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.  Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the [Commissioner]'s guidelines or 'grids' used for determining claimant disability.  Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." (internal citations omitted)).